**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable Raymond P. Moore**

Civil Action No. 15-mc-00049-RM

NATHANIEL L. PENALOSA,

    Movant,

v.

DEPARTMENT OF DEFENSE,

    Respondent.

_____

## ORDER TO SUPPLEMENT
_____

THIS MATTER is before the Court on Movant Nathaniel L. Penalosa's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("Motion") (ECF No. 1), filed on March 2, 2015, pursuant to 12 U.S.C. § 3410.  Movant has received a Notice to Customer ("Notice") from the Department of the Air Force, informing him that the Office of the Inspector General, Department of Defense, is seeking his financial information from USAA Federal Savings Bank.  Movant states that the records sought should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978, in that the information sought pursuant to Department of Defense's Subpoena Duces Tecum ("Subpoena") is "overly broad and not narrowly tailored to the minimum amount of records necessary to satisfy the law enforcement inquiry."  (ECF No. 2.)

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution may file, in the appropriate district court, a motion to quash an administrative summons or a judicial subpoena,

or an application to enjoin a Government authority from obtaining financial records.  Such motion must be made within ten days of the service or fourteen days of the mailing of such a subpoena or summons, and must be served upon the relevant Government authority.  *Id.*  Service must be made by delivering or mailing by registered or certified mail a copy of the papers to the person specified in the Notice.  *Id.*  The motion must also be accompanied by a sworn statement or affidavit from the customer, stating the reasons why the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government, or that there has not been substantial compliance with the provisions of 12 U.S.C. § 3410 *et seq.*  *Id.*  If the movant has complied with the requirements of 12 U.S.C. § 3410(a), the district court shall order the Government to respond, and may conduct additional proceedings as necessary, to resolve the matter within seven calendar days of the Government's response.  12 U.S.C. § 3410(b).

In this case, Movant has not shown compliance with 12 U.S.C. § 3410(a).  First, Movant has not provided the Court with evidence that his Motion is timely.  The Subpoena provides it was digitally signed on February 12, 2015 (ECF No. 2, page 5), but there is no evidence as to when the Subpoena was served on or mailed to Movant.  Next, the Certificate of Service states that Movant "mailed *or* delivered" a copy of the Motion and sworn statement to the Inspector General (ECF No. 2, page 2; emphasis added), so it is unclear as to which method of service was used by Movant.  If service was by mail, the papers were required to be sent by registered or certified mail.  Finally, Movant has not provided facts to support his conclusory statement that the records sought are "overly broad" or "not narrowly tailored" to the Department of Defense's inquiry.  It is therefore

**ORDERED** that, no later than March 17, 2015, Movant shall supplement his Motion by providing the Court with: (1) evidence of the date upon which the Notice was mailed or served upon Movant; (2) evidence the Inspector General was served as required under 12 U.S.C. § 3410(a); and (3) factual information in support of Movant's position that the records sought should not be disclosed. Movant's failure to timely provide this documentation and information may result in the dismissal of this action without further notice.

DATED this 3rd day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge