IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable Raymond P. Moore

Civil Action No. 15-mc-00049-RM

NATHANIEL L. PENALOSA,

    Movant,

v.

DEPARTMENT OF DEFENSE,

    Respondent.

___

**ORDER TO RESPOND**
___

THIS MATTER is before the Court on Movant Nathaniel L. Penalosa's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 and supporting Sworn Statement (collectively, "Motion") (ECF Nos. 1, 2), filed on March 2, 2015, pursuant to 12 U.S.C. § 3410 of the Right to Financial Privacy Act ("Act"). Movant has received a Notice to Customer ("Notice") from the Department of the Air Force, informing him that the Office of the Inspector General, Department of Defense, is seeking his financial information from USAA Federal Savings Bank. In accordance with this Court's Order of March 3, 2015, Movant has supplemented his Motion with: (1) evidence that the Notice was served on Movant personally on February 18, 2015, and that the Motion was mailed to the Court on February 28, 2015; (2) evidence that the Inspector General was served by certified mail on February 28, 2015; and (3) additional information in support of Movant's position that the records sought should not be disclosed.

Pursuant to 12 U.S.C. § 3410(a), within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash or an application to enjoin a Government authority from obtaining financial records, with copies served on the Government authority.  Correspondingly, under 12 U.S.C. § 3405, a Government authority may obtain financial records if certain requirements are met, including: (1) the service or mailing of a subpoena or summons on a customer, along with the appropriate notice; and (2) the expiration of ten days after the date of service or fourteen days after the date of mailing of the notice, without the customer filing a motion to quash or other challenge.

In this case, Movant was personally served on February 18, 2015, and his Motion was filed March 2, 2015.  Ten days after service was February 28, 2015, the date in which Movant mailed his Motion.  February 28, 2015, however, was a Saturday.  The Act is silent as to the computation of time where the final day to act falls on a Saturday, Sunday, or legal holiday.  Rule 6(a) of the Federal Rules of Civil Procedure provides that "[t]he following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time."  One of the rules provides that, where the period of time is stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C); *see Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008) (plaintiff's § 1983 claim filed on Monday was timely where time period for filing expired on Sunday, citing Fed. R. Civ. P. 6(a)(3));  4B Charles Alan Wright et al., Federal Practice and Procedure § 1163 (4th ed. 2015) ("[T]he 'majority rule'…is that the Rule 6 exclusion of final Saturdays, Sundays, and legal holidays is

applicable to computing time under federal statutes of limitations.") Accordingly, Movant's Motion filed Monday, March 2, 2015, is timely. In light of Movant's compliance with the requirements of 12 U.S.C. § 3410(a), it is

**ORDERED** that, no later than April 6, 2015, Respondent shall file a sworn response to Movant's Motion. Respondent may file its response in camera, if it includes in its response the reasons which make in camera review appropriate. 12 U.S.C. § 3410(b); and

**FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to the Inspector General of the Department of Defense at the address stated in the Notice (ECF No. 2, page 4 of 7) and to the U.S. Attorney's Office in Denver, Colorado.

DATED this 17th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge