IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-mc-00049-RM

NATHANIEL L. PENALOSA,

    Movant,

v.

DEPARTMENT OF DEFENSE,

    Respondent.

---

## ORDER

---

This matter is before the Court on Movant Nathaniel L. Penalosa's ("Movant") Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, supported by a Sworn Statement of Movant, and supplemented with a subsequent Sworn Statement of Movant (ECF Nos. 1, 2, 9) (collectively, "Motion").  The Motion was filed pursuant to 12 U.S.C. § 3410 of the Right to Financial Privacy Act ("Privacy Act"), seeking to quash a subpoena *duces tecum* which Respondent Department of Defense intends to serve upon Movant's bank.  Upon consideration of the Motion, the Response (ECF No. 14) filed April 6, 2015, the applicable law, and being otherwise fully advised in the premises, the Court DENIES the Motion as stated herein.

### I. BACKGROUND

Movant is an active duty cadet at the United States Air Force Academy ("USAFA").  Movant received a Notice to Customer ("Notice") from the Department of the Air Force, informing him that the Office of the Inspector General, Department of Defense ("OIG DoD") is

seeking Movant's financial information from USAA Federal Savings Bank ("Bank"). The OIG DoD has issued a subpoena *duces tecum* ("Subpoena"), which it has not yet served on the Bank, to obtain financial information in connection with an ongoing investigation to determine whether Movant violated Uniform Code of Military Justice ("UCMJ") Article 112a, "Wrongful use, possession, etc. of controlled substances."[1]

Movant timely challenges the Subpoena pursuant to 12 U.S.C. § 3410, arguing:

(1)     the OIG DoD does not have statutory authority to issue the Subpoena because "the quantity of the controlled substance/drug involved must be equal to or in excess of the drug quantity specified for Base Offense Level 16 of the Drug Quantity Table found at § 2D1.1 of the Federal Sentencing Guidelines" and, here, the quantity of alleged controlled substances involved in the investigation does not meet that criteria; and,

2)     the OIG DoD's Subpoena is overly broad and not narrowly tailored. The Subpoena should be limited to deposits into his checking and savings account, should exclude "[d]ebit and credit card transactions and other bank related documents," and should be more limited as to the time frame for which the documents are sought.

(ECF No. 9, pages 2-3.[2]) Respondent contends Movant's arguments lack merit.

## II. ANALYSIS

### A. The Privacy Act

Pursuant to 12 U.S.C. § 3402, a Government authority may not "have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and … (2) such financial records are disclosed in response to an administrative subpena or summons which meets the

---

[1] Article 112a may be found at 10 U.S.C. § 912a.
[2] The page references are to the page numbers on the headers displayed in the CM/ECF filings.

requirements of section 3405 of this title [12]." Under 12 U.S.C. § 3405, as relevant to the Motion, a government authority may obtain financial records pursuant to an administrative subpoena if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." The customer, however, may file a motion to quash an administrative subpoena, and the Government is given the opportunity to respond. 12 U.S.C. § 3410(a) & (b).

In ruling on a motion to quash, the motion shall be denied if: (1) "the applicant is not the customer to whom the financial records sought by the Government authority pertain"; *or* (2) "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c). Conversely, the motion shall be granted if: (1) "the applicant is the customer to whom the records sought by the Government authority pertain;" *and* (2) "there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. § 3410(c). The Court must decide the motion within seven calendar days of the filing of the Government's response.[3] 12 U.S.C. § 3410(b).

**B. The Movant's Challenges**

Essentially, Movant challenges the Subpoena on two bases: (1) lack of authority; and (2) relevancy. The Court will address each argument in turn.

**1. Statutory Authority.**

Movant argues the OIG DoD lacks authority to issue the Subpoena because the quantity of drugs at issue does not meet the minimum criteria set forth in footnote 4 of the DOD Inspector General Subpoena Reference Guide (ECF No. 14-2, pages 4-12). Respondent does not dispute the quantity at issue does not meet the minimum criteria, but argues Movant's reliance is

---

[3] The government's Response was filed April 6, 2015, two days ago.

misplaced because the Guide is only for internal guidance, and the DoD OIG has authority to modify and/or waive requirements under the Guide.  The Court agrees.

Pursuant to 5 U.S.C. App. 3, § 6(a)(4), the Inspector General is authorized "to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act [Inspector General Act of 1978 ("IG Act")]."  For the Inspector General of Respondent, the functions assigned by the IG Act include "initiat[ing], conduct[ing], and supervis[ing] such audits and investigations in the Department of Defense (including the military departments) as the Inspector General considers appropriate."  5 U.S.C. App. 3, § 8(c)(2).   The IG Act places no minimum criteria for what the Inspector General may consider appropriate for investigation, *see id.*, and Movant has not argued otherwise.

Movant, instead, relies on Respondent's internal DOD Inspector General Subpoena Reference Guide ("Guide"), arguing the Guide constrains Respondent's authority under the IG Act.  Under that Guide, for violations of UCMJ Article 112a[4] ("Drugs – Unlawful manufacture of, importation of, or trafficking in, a controlled substance"), this crime is "of such a nature and/or such concern to DoD as to warrant the DoD IG's involvement in the investigation" "[o]nly if the quantity of the controlled substance/drug … involved is, or is reasonably suspected to be, equal or in excess of the drug quantity specified in Based Offense Level 16 or the Drug Quantity Table found at §2D1.1 of the Federal Sentencing Guidelines…."  (ECF No. 14-2, page 11.)  But, the Guide states "[t]his reference guide was developed to assist…in the preparation of…requests for DoD IG subpoenas and to answer the most frequently asked questions."

---

[4] The Court notes the Guide inadvertently identifies the UCMJ Violation as Article 112 (Drunk on Duty), rather than Article 112a, but finds such inadvertence immaterial as the papers show the parties understand that the Guide intends to cover Article 112a.

Moreover, the Guide conspicuously states: "**This Reference Guide provides only internal Department of Defense Office of Inspector General guidance.  It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable by law by any party in any matter civil or criminal.**"  (Bold in original.)  Under this plain language, the Court finds the OIG DoD has authority to decide when and whether it is appropriate to deviate from the internal guidelines, as it did in this instance, and to issue the Subpoena.  The Guide does not serve to constrain the broad authority otherwise afforded to the OIG DoD under the IG Act.   And, under that authority, the OIG DoD may conduct investigations as it deems appropriate, as it has determined in this case in investigating alleged violations of the UCMJ.

## 2.  Relevancy

Movant's overbreath challenge is essentially an argument that many of the documents sought are not relevant.[5]  "The burden to demonstrate that the records sought are relevant to a legitimate law enforcement inquiry is on the agency seeking the records." *Guglielmi v. Soc. Sec. Admin. Office of the Inspector Gen.*, No. 12-cv-00442-DME, 2012 WL 1319477, at *1 (D. Colo. April 17, 2012) (citing *Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1481 (N.D.Ill. 1990)).  The burden is not high. *Feiner v. U.S. Sec. & Exchange Comm'n*, 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012).  "Once a person's connection to apparently illicit conduct has been shown, it is relevant to know whether that person's bank account contains evidence of such conduct.  What need be shown is not probable cause, but a good reason to investigate." *Id.* (quotation marks and citation omitted).

In this case, Movant is suspected of trafficking illegal narcotics to USAFA cadets and civilians.  The OIG DoD's Subpoena is part of its investigation of allegations that Movant

---

[5] Movant does not argue, nor could he, that the OIG DoD's inquiry into his financial records is not legitimate.

violated the UCMJ governing the use, possession, and distribution of a controlled substance. For the relevant Bank account, the Subpoena requests monthly bank statements, bank correspondence with Movant, deposit records, withdrawal records, wire transfer records, Automatic Teller Machine transaction records, debit and credit card transaction records, checks drawn on or deposited into the account, and account ownership records. Movant contends that the request should be limited to *deposits* into his account, and argues the time period covered is overbroad. The Court finds otherwise. In light of the investigation, and the information gleaned to date by the OIG DoD, the other documents sought are also relevant to the inquiry. *See* 12 U.S.C. § 3410(c) (The government need only show "a reasonable belief that the records sought are relevant to" its inquiry.). And, the time period for which the documents are sought cover the very period in which the OIG DoD has evidence of the alleged buying/selling of narcotics. According, Movant's arguments cannot be sustained.

### III. CONCLUSION

The Court finds the OIG DoD has authority to issue the Subpoena. In addition, the Court finds "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

It is therefore **ORDERED** that Movant's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (ECF No. 1) is **DENIED**.

DATED this 8th day of April, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge